```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                FORT MYERS DIVISION
```

TAMARA DUNN,

                Plaintiff,

vs.                              Case No.  2:07-cv-314-FtM-29SPC

THE GLEASON FOUR, INC.,

                Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement, and Motion to Strike Prayer for Attorney's Fees (Doc. #7) filed on June 27, 2007.  Plaintiff filed a response (Doc. #10) on July 12, 2007.

**I.**

Taking all allegations as true, the Complaint (Doc. #1) alleges that plaintiff is disabled as defined by the Americans with Disabilities Act (ADA) and uses a wheelchair for mobility purposes. (Doc. #1, ¶¶ 4, 5.)  Plaintiff's access and/or full and equal enjoyment of defendants' goods and services were denied and/or limited because of her disability and will be denied and/or limited in the future unless the barriers to access found on the premises are removed.  (Doc. #1, ¶¶ 11-13.)  Completely independent of her personal desire to have access, plaintiff acts as a self-appointed "tester."  Independent of her other subsequent visits, plaintiff intends to visit the premises to verify defendants' compliance with

the ADA. (Id. at ¶17.)  Plaintiff, individually and as a "tester," suffered harm and injury and will continue to suffer harm and injury as a result of barriers to access found at the premises. (Id. at ¶¶ 12, 17.)  Plaintiff suffered and continues to suffer direct and indirect injury as a result of ADA violations that exist on the defendant's property. (Id. at ¶ 6.)

**II.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 127 S. Ct. 2197 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citing FED. R. CIV. P. 8). See also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (May 21, 2007)(citations omitted); Erickson v. Pardus, 127 S. Ct at 2200; Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965. Plaintiff must plead enough facts to state a plausible basis for the claim. Id. Dismissal is warranted under FED. R. CIV. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

This standard applies when the Court reviews issues of standing pursuant to a motion to dismiss. The principal purpose of standing is to ensure that the parties before the Court have a concrete interest in the outcome of the proceedings such that they can be expected to properly frame the issues. Harris v. Evans, 20 F.3d 1118, 1121 (11th Cir. 1994)(*en banc*), cert. denied, 513 U.S. 1045 (1994). Every complaint must contain sufficient allegations of standing, Church v. City of Huntsville, 30 F.3d 1332, 1336 (11th Cir. 1994), but the Complaint may be dismissed for lack of standing only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1534 (11th Cir. 1994)(citation omitted). Standing always remains an open issue,

and can be revisited under a different standard at the summary judgment stage or at trial. Church, 30 F.3d at 1336; Harris, 20 F.3d at 1121 n.4. This having been said, it is still plaintiff's responsibility to allege facts sufficient to establish her standing, and the Court cannot "speculate concerning the existence of standing, nor should we imagine or piece together an injury sufficient to give plaintiff standing when it has demonstrated none." Miccosukee Tribe of Indians of Fla. v. Florida State Athletic Comm'n, 226 F.3d 1226, 1229-30 (11th Cir. 2000); see also Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001).

In order to establish standing, a plaintiff must adequately allege and ultimately prove, three elements: (1) that he or she has suffered an "injury-in-fact;" (2) a causal connection between the asserted injury-in-fact and the challenged conduct of the defendant; and (3) that the injury likely will be redressed by a favorable decision. Shotz, 256 F.3d at 1081 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). These requirements are the "irreducible minimum" required by the Constitution for a plaintiff to proceed in federal court. Vermont Agency of Natural Res. v. United States, 529 U.S. 765, 771 (2000); Northeastern Fla. Chapter, Associated Gen. Contractors of Am. v. City of Jacksonville, 508 U.S. 656, 664 (1993).

In addition, plaintiffs seeking injunctive relief lack standing unless they allege facts giving rise to an inference that

they will suffer future discrimination by the defendant. Shotz, 256 F.3d 1081. "[A] party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury." Church, 30 F.3d at 1337; see also Bowen v. First Family Fin. Servs., Inc., 233 F.3d 1331, 1340 (11th Cir. 2000).

### III.

Defendants present two arguments: (1) plaintiff lacks standing because a "tester" is not recognized in Florida and plaintiff cannot individually allege a real and immediate threat of future injury; and (2) that the lack of pre-suit notice supports the striking of prayer for attorney's fees. (Doc. #7, pp. 3, 4.)

### A.

The Court finds, upon review of the Complaint, that plaintiff has alleged sufficient facts to establish standing for herself individually. Plaintiff alleges a qualifying disability, that she suffered an injury by not being able to partake in the goods and services at the premises due to barriers to access, and that she intends to return if the barriers are removed. Therefore, the motion to dismiss is due to be denied as to plaintiff individually.

The United States Supreme Court has recognized the standing of a "tester" in the context of the Fair Housing Act of 1968 (FHA). Gladstone Realtors v. Village of Bellwood, 441 U.S. 91 (1979). The

Eleventh Circuit Court of Appeals has also recognized the standing of a "tester" to maintain an action under the FHA as well as 42 U.S.C. § 1982. <u>Watts v. Boyd Props., Inc.</u>, 758 F.2d 1482, 1485 (11th Cir. 1985). The standing of a fair housing organization on behalf of its testers has also been recognized. <u>Central Ala. Fair Housing Ctr., Inc. v. Lowder Realty Co., Inc.</u>, 236 F.3d 629, 642-643 (11th Cir. 2000). The Tenth Circuit has found standing for "testers" to sue under the ADA, <u>see</u> <u>Tandy v. City of Wichita</u>, 380 F.3d 1277, 1287 (10th Cir. 2004), but the Eleventh Circuit has not addressed the issue in the context of the ADA. One District Court in the Middle District of Florida has declined to adopt the classification of the Tenth Circuit, <u>Access for the Disabled, Inc. v. Rosof</u>, 8:05-cv-1413-T-30TBM, 2005 U.S. Dist. Lexis 37853, at *9 n.4 (M.D. Fla. Dec. 28, 2005), and another District Court concluded that a future injury could be satisfied by a "tester." <u>Disability Advocates & Counseling Group, Inc. v. 4SK, Inc.</u>, 6:04-cv-327-Orl-31JGG, Doc. #49, p. 17 (M.D. Fla. April 6, 2005).

The Court finds, at this stage of the proceedings, that plaintiff has sufficiently pled standing individually and as a "tester," and therefore, the motion to dismiss will be denied. Furthermore, a more definite statement of facts in the Complaint is not required.

**B.**

The Eleventh Circuit has clearly stated that "[a] person may file a suit seeking relief under the ADA without ever notifying the defendant of his intent to do so, . . . We stress that pre-suit notice is not required to commence suit under the ADA and that lack of pre-suit notice does not compel a reduction of the requested fee award." Association of Disabled Ams. v. Neptune Designs, Inc., 469 F.3d 1357 (11th Cir. 2006). Assuming the attorney's fees sought are reasonable, a prevailing plaintiff is entitled to attorney's fees under the ADA. See 42 U.S.C. § 12205. Therefore, the motion to strike will be denied.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement (Doc. #7) is **DENIED.**

2. Defendant's Motion to Strike Prayer for Attorney's Fees (Doc. #7) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of August, 2007.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record